# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                          CRIMINAL ACTION NO. 5:02-cr-27

SAMUEL JAMES WYATT,

                Defendant.

## REVOCATION OF SUPERVISED RELEASE AND JUDGEMENT ORDER

On the 10th day of March, 2010, came the Defendant, Samuel James Wyatt, in person, and together with his counsel, George Lancaster, and also came John File, Assistant United States Attorney, and Ken Sales, United States Probation Officer, for a final revocation hearing in the above-styled matter.

On August 5, 2002, after having pled guilty to a single count indictment of possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the Defendant was sentenced to a term of imprisonment of fifty-one (51) months, with credit for time served, followed by a term of supervised release of three (3) years.  Additionally, the Court ordered the Defendant, *inter alia,* to: (1) pay a $100.00 special assessment; (2) pay a $1,000.00 fine; (3) not commit another federal, state, or local crime; (4) not illegally possess a controlled substance; (5) refrain from any unlawful use of a controlled substance; and (6) submit to drug testing and participate in a substance abuse treatment

United States v. Wyatt

program as directed by the probation officer. Supervision commenced on November 23, 2005, and was scheduled to expire on November 22, 2008.

However, on June 30, 2008, the Court revoked the Defendant's term of supervised release, and sentenced him to imprisonment for six (6) months, with credit for time served, and a term of supervised release of thirty (30) months.[1] *See* Revocation of Supervised Release and Judgment Order (Document No. 92);[2] *see also* United States Probation Office Petition (Petition for Warrant or Summons for Offender Under Supervision) (Form 12C) (Document No. 78); Waiver of Preliminary Examination or Hearing (Document No. 85). The Defendant's second term of supervision began on November 17, 2008, and was scheduled to expire on May 16, 2011.

On September 1, 2009, the Defendant's assigned Probation Officer filed a United States Probation Office Petition (Petition for Warrant or Summons for Offender Under Supervision) (Form 12C) ("Petition") (Document No. 98) in which he alleged three violations by the Defendant of his conditions of supervised release. Specifically, the Defendant's Probation Officer alleged that the Defendant (1) engaged in new criminal conduct when he was arrested on May 26, 2009, and charged with simple assault and battery; (2) engaged in new criminal conduct through the submission of a

---

[1] On April 23, 2008, Defendant's assigned Probation Officer filed a United States Probation Office Petition in which he alleged that Defendant violated the standard condition that he not commit another federal, state, or local crime and the standard condition that he not purchase, possess, use, distribute or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, Defendant's Probation Officer alleged that Defendant submitted a urine specimen on January 14, 2008 which tested positive for cocaine and marijuana and that urine specimens submitted on January 24 and 28, February 4, and April 7, 2008 tested positive for cocaine. The United States Probation Office requested that the court issue a warrant for Defendant's arrest. At the final revocation hearing, Defendant admitted the alleged violations contained in the Petition.

[2] As a special condition of supervised release, the Court ordered that "Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer." *Id.* at 3.

United States v. Wyatt

urine specimen on August 12, 2009, that tested positive for marijuana, and (3) that the Defendant violated the condition that he not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician.  Further, the assigned Probation Officer alleged that on July 22, 2009, the Defendant was found guilty of simple assault and battery by bench trial and ordered to pay a $383.13 fine, including costs.  On September 1, 2009, the Court issued a supervised release warrant, which was executed on September 9, 2009.  A preliminary revocation hearing was scheduled for December 17, 2009.  *See* December 14, 2009, Order (Document No. 108).  The Defendant subsequently signed a waiver of preliminary hearing and the Court scheduled a final revocation hearing for March 10, 2010.  See December 30, 2009, Order (Document No. 112).[3]

At the hearing held on the 10th day of March, 2010,  the Court found that the Defendant had received written notice of the alleged violations as contained in the Petition, and that the evidence against the Defendant had been disclosed.  The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.  The Defendant admitted each of the alleged violations of supervised release.  The Court then found, by a preponderance of the evidence, that the Defendant violated the conditions of his supervised release as alleged in the Petition.  The Court also found that the Defendant, in the submission of a urine sample which tested positive for marijuana, "possessed" marijuana within the meaning of 18 U.S.C.

---

[3] A final revocation hearing was scheduled for January 6, 2010, then continued until March 10, 2010. *See* December 17, 2009 Order (Document No. 110); *see also* Defendant's Motion for Continuance of Final Revocation Hearing (Document No. 111); December 30, 2009 Order (Document No. 112).

United States v. Wyatt

3583(g).  In making these findings, the Court relied upon the information contained in the Petition and the Defendant's statement that he does not dispute the violations contained in the Petition.

Pursuant to U.S.S.G. § 7B1.1(b), the most serious violation is used to calculate the Grade of a defendant's supervised release violation.  Accordingly,  Mr. Wyatt's most serious violation is a Grade B Violation. Mr. Wyatt's criminal history category for his original offense is III.  Given a Grade B violation, and a criminal history category of III, the advisory Sentencing Guideline policy statement's revocation table, found in §7B1.4(a), provides for a range of imprisonment of eight (8) to fourteen (14) months.

Based on the nature of the Defendant's recent criminal conduct, the Defendant's previous revocation of supervised release, and his admissions regarding the instant alleged violations of supervised release, counsel for the Government recommended that the Defendant's term of supervised release be revoked, that he be sentenced to a term of imprisonment within the advisory policy range of eight (8) to fourteen (14) months, and that no further term of supervised release be imposed.  The Defendant, through his counsel, concurred in the recommendation of the Government. Having found the Defendant to be in violation of the conditions of supervised release, the Court, for the reasons stated on the record, revoked the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **FOURTEEN (14) MONTHS,** with credit for time served, and that no further term of supervised release shall follow. The Court **ORDERED** that the

United States v. Wyatt

Defendant shall, during his period of imprisonment, participate in appropriate substance abuse treatment, if eligible. The Defendant was remanded to the custody of the United States Marshal.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and his counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshal.

ENTER: March 10, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA